IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL MUEHL,

                Plaintiff,                              ORDER

        v.                                             09-cv-83-bbc

MICHAEL THURMER, Warden;
GARY ANKARLO, Psychological Services Supervisor; and
TODD CALLISTER, Psychiatrist;

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Two motions filed by plaintiff Michael Muehl are before the court: (1) a motion for leave to amend his complaint; and (2) a motion for a preliminary injunction. For the reasons set forth below, both motions will be denied, with the exception that I will dismiss the complaint as to defendant Gary Ankarlo as plaintiff requests.

Plaintiff is proceeding on the following claims in this case:

(a) for several months, in violation of the Eighth Amendment, defendant Callister refused to take plaintiff off a prescription that was causing him to hallucinate, in violation of the Eighth Amendment;

(b) in late 2008, in violation of the Eighth and First Amendments, defendant Callister

1

took plaintiff off all medications for his Attention Deficit Disorder because plaintiff filed a complaint about Callister with the Department of Regulation; and

(c) defendants Gary Ankarlo and Michael Thurmer violated plaintiff's rights under the Eighth Amendment when they refused to intervene to insure that plaintiff received proper medication.

Plaintiff's motion for leave to amend his complaint focuses on claim (c). In his proposed amended complaint, he has dropped defendant Ankarlo on the ground that "he is not defendant Todd Callister's boss." Dkt. #30, at 2. In Ankarlo's place, plaintiff would like to put Molli Rolli (the psychiatric director for the Wisconsin Department of Corrections) and Charles Grisdale (a psychologist at the prison).

Plaintiff's proposed amended complaint fails for both procedural and substantive reasons. First, when a plaintiff wishes to amend his complaint, he is to submit a proposed amended complaint that looks exactly like the original complaint except that the plaintiff is to point out any new defendants or new allegations by highlighting them and he is to make clear what he wants omitted from the complaint by putting a line through any allegations or parties he no longer wishes included in the complaint. This makes it simpler for the court and the defendants to understand what changes the plaintiff is making. As a general rule, it is inappropriate for a plaintiff to file an original complaint, and then file a communication later that makes one change, and another communication a week later

2

making another change, and another a week later making yet another change. A complaint cannot be a moving target. At some point, it has to be finished so that the defendants know precisely what it is that they are being charged with doing and what the plaintiff wants as relief.

Second, even if I overlooked plaintiff's failure to follow the court's procedure, I would have to deny him leave to amend because his proposed amendments could not survive a motion to dismiss for failure to state a claim upon which relief may be granted. Johnson v. Dossey, 515 F.3d 778, 780 (7th Cir. 2008) ("A district court need not allow the filing of an amended complaint, even when no responsive pleading has been filed, if it is clear that the proposed amended complaint is deficient and would not survive a motion to dismiss."). With respect to defendant Rolli, plaintiff alleges only that she "agrees with Callister's work performance and decisions." Prop. Am. Cpt. ¶32. dkt. #32. There is no basis in the complaint from which it could be inferred reasonably that defendant Rolli knew that plaintiff was experiencing harmful consequences to his health as a result of not having ADD medication. Plaintiff does not allege that he complained to Rolli directly about problems he was having or that she was aware of a risk to plaintiff's health through other means. Rather, the letter she wrote to plaintiff suggests the opposite. She writes that she is "comfortable" with defendant Callister's decision to discontinue stimulants because "the use of stimulants has not had a measurable positive effect" on plaintiff and that "it appears that [plaintiff was]

3

having some side effects while taking stimulant medications including increased blood pressure and pulse, and weight loss." Dkt. #34-3, exh. 29. Although plaintiff disagrees with Rolli's assessment, nothing in his complaint suggests that she consciously disregarded a serious medical need that plaintiff had. Further, she cannot be held liable under § 1983 simply because she was Callister's supervisor; if she was not aware of plaintiff's complaints, she did not violate his Eighth Amendment rights. Townsend v. Fuchs, 522 F.3d 765, 775 (7th Cir. 2008) (court did not err in denying prisoner's motion for leave to amend complaint to include warden on Eighth Amendment cell conditions claim when prisoner alleged only that warden was "ultimate decision-maker" but not that he was aware of cell conditions).

    Plaintiff does allege that he complained to Grisdale in January 2009 about hallucinations that he was experiencing after Callister significantly reduced the dosage of his stimulant prescription. This is a curious allegation because plaintiff also alleges that the hallucinations were *caused* by the medication. It makes little sense that plaintiff would be experiencing the same symptoms as a result of not having ADD medication. However, even if I accept plaintiff's allegations as true, he has pleaded himself out of court with respect to Grisdale because plaintiff admits that *Callister* made the decision to taper off his stimulants and that Grisdale was a psychologist rather than a psychiatrist, meaning that he had no authority to override Callister's decisions about medications or even to write prescriptions. A prison official may be held liable under § 1983 for failing to stop another official from

4

violating the plaintiff's rights only when the first official has "a realistic opportunity" to prevent harm from occurring. Yang v. Hardin, 37 F.3d 282, 285 (7th Cir. 1994). Because plaintiff fails to identify anything that Grisdale could do to provide the medication plaintiff was requesting, his motion for leave to add Grisdale as a defendant must be denied.

Plaintiff's motion for a preliminary injunction, the third one he has filed in this case, fails as well. First, plaintiff has failed again to comply with this court's procedures for filing a motion for a preliminary injunction. Plaintiff says without explanation that he "does not understand what to do," dkt. #33, but plaintiff's other filings belie his assertion that he is unable to follow the court's instructions. Plaintiff is litigating *four* separate lawsuits in this court simultaneously. In the context of these cases, plaintiff has demonstrated his ability to understand both law and procedure by complying with various other orders of this court with no sign of misunderstanding and through his own vigorous motion practice. In light of plaintiff's ability to understand more complicated matters in other contexts, it is difficult to believe that he is incapable of filing proposed findings of fact or submitting evidence in admissible form.

Again, however, even if I overlooked plaintiff's failure to follow proper procedure, I would have to deny his motion. Plaintiff's declaration includes no averments about any health problems he has experienced since his ADD medication was discontinued. Instead, he says only that Ritalin has "prove[n] effective" for him. Plt.'s Decl. ¶16, dkt. #34.

However, it matters little whether Ritalin has helped plaintiff in the past (how he does not say) unless plaintiff can show that he is suffering *now* as a result of not having it. To the extent plaintiff's complaint includes such allegations, I cannot consider them as evidence because they are not sworn. Sparing v. Village of Olympia Fields, 266 F.3d 684, 692 (7th Cir. 2001).

Further, nothing in plaintiff's affidavit or the documents he submitted suggests that any of the defendants are denying him needed medication. Rather, the documents suggest only that defendant Callister discontinued his medication because it was not helping plaintiff and it was producing some negative side effects. This is not evidence of an Eighth Amendment violation, but of concern for plaintiff's health. Unless plaintiff can adduce admissible evidence at summary judgment or at trial that he is suffering from serious adverse health consequences without ADD medication *and* that defendants are aware of his problems and are failing to respond reasonably, this claim cannot succeed.

ORDER

IT IS ORDERED that plaintiff Michael Muehl's motion for leave to amend his complaint, dkt. #30, and motion for a preliminary injunction, dkt. #33, are DENIED,

6

except that the complaint is DISMISSED as to defendant Gary Ankarlo.

Entered this 13th day of March, 2009.

          BY THE COURT:

          /s/

          _____
          BARBARA B. CRABB
          District Judge

except that the complaint is DISMISSED as to defendant Gary Ankarlo.

Entered this 13th day of March, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge