IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL MUEHL,

                Plaintiff,                        OPINION and ORDER

      v.                                            09-cv-83-bbc

MICHAEL THURMER, Warden;
and TODD CALLISTER, Psychiatrist;

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this prisoner civil rights case brought under 42 U.S.C. § 1983, plaintiff Michael Muehl contends that defendants Todd Callister (a psychiatrist at plaintiff's prison) and Michael Thurmer (the warden), failed to provide him appropriate medication for his Attention Deficit Disorder. Defendants have moved for summary judgment on the ground that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a). Defendants argue that plaintiff's case must be dismissed under § 1997e(a) for two reasons: (1) plaintiff failed to file a timely appeal of his grievance; and (2) plaintiff filed this lawsuit before completing the grievance process. Because I agree with the second argument, I will grant defendants' motion for summary judgment.

1

A preliminary question is whether defendants' motion for summary judgment should be denied on the ground that their opening brief was untimely. Plaintiff says the brief was due on May 15, but defendants failed to file it until May 18. Plaintiff is correct that the magistrate judge set May 15 as the deadline for defendants to file a motion for summary judgment under § 1997e(a), dkt. #40, but he is wrong that defendants failed to meet this deadline. As defendants point out, the document on which plaintiff relies to argue untimeliness is the briefing schedule this court sent out after defendants filed their motion. Although that schedule was mailed on May 18, court records reflect that defendants filed their motion and supporting materials on May 15. Dkt. ## 41-43.

The parties agree that plaintiff filed two grievances related to this case. Plaintiff filed inmate complaint WCI-2008-9074 on March 26, 2008 in which he wrote that defendant Callister should not be reducing the dose for plaintiff's prescription for ADD medication. However, the next day, plaintiff withdrew the grievance before it could be decided on the ground that "the issue has met resolution." Neither side discusses the event that triggered plaintiff's decision to withdraw his grievance, so it is impossible to determine whether the reasoning of cases such as <u>Thornton v. Snyder</u>, 428 F.3d 690, 695-97 (7th Cir. 2005), might apply. In that case, the court held that a prisoner exhausted all available administrative remedies as required by § 1997e(a) even though he did not appeal his grievance because he received the relief he requested before the appeal deadline. Because plaintiff does not argue

2

that WCI-2008-9074 satisfies § 1997e(a), I need not resolve that question.

The parties focus on WCI-2008-32322, which plaintiff filed on December 17, 2008. In that grievance, plaintiff alleged that defendant Callister was denying him "needed medication" for his ADD. A potential problem with that grievance is that plaintiff missed the 10-day deadline for filing an appeal set by Wis. Admin. Code § DOC 310.13(1). The decision dismissing plaintiff's grievance is dated January 20, 2009, but plaintiff's appeal is dated February 10, 2009. The corrections complaint examiner rejected plaintiff's appeal as untimely in a decision dated February 12, 2009. The office of the Secretary affirmed that decision on February 19.

Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process," Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing the initial grievance, Cannon v. Washington, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, Burrell v. Powers, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." Pozo, 286 F.3d at 1025. A failure to follow these rules may require dismissal of the prisoner's case. Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, 535 (7th Cir. 1999).

In their opening brief, the only argument defendants raise is that plaintiff failed to comply with § 1997e(a) because he did not file a timely appeal. Plaintiff argues that the

3

corrections complaint examiner was wrong to reject his appeal as untimely. Under Wis. Admin. Code § 310.13(2), the examiner may accept a late appeal "[u]pon good cause." In his appeal, plaintiff argued that he had good cause because his legal property had been taken from him as a result of a transfer to a new facility on January 22, 2009 and was not returned to him until February 5, 2009. (The copy of plaintiff's appeal provided by defendants is nearly illegible as a result of poor copy quality, but the parties agree on the gist of the appeal as summarized by the examiner in his response.)

Plaintiff is on the right track. When a prisoner is unable to follow prison grievance rules because of circumstances outside his control, he has exhausted all remedies that are "available" to him with the meaning of § 1997e(a). E.g., Kaba v. Stepp, 458 F.3d 678, 685 (7th Cir. 2006); Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006); Dale v. Lappin, 376 F.3d 652, 656 (7th Cir. 2004); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002). However, plaintiff's argument raises two questions. First, if plaintiff was unable to file an appeal until February 5, why did he wait until February 10, when he knew he was already late by several days? Second, why did plaintiff need his legal papers to file an appeal?

Defendants do not make the argument raised by the first question so I do not consider it. They *do* argue that plaintiff "does not explain why his 'legal papers' were indispensable in filing an appeal," dkt. #50, at 4, but they failed to do so until their reply brief. In fact, in their opening brief defendants' entire argument is three sentences: "He has

4

not exhausted his administrative remedies. While he did file one complaint that addressed Dr. Callister's actions, he did not file a timely appeal of the decision of the reviewing authority. He therefore has failed to exhaust his administrative remedies, and the court should award summary judgment to the defendants." Dkt. #42. That was not sufficient. It is defendants' burden to prove that plaintiff failed to exhaust his administrative remedies, not plaintiff's burden to prove that he did. Jones v. Bock, 549 U.S. 199, 216 (2007).

Ordinarily, a court may disregard arguments raised for the first time in a reply brief because the opposing party has not had an opportunity to respond to those arguments. Nelson v. LaCrosse County Dist. Attorney, 301 F.3d 820, 836 (7th Cir. 2002). However, in this case, there is no prejudice to plaintiff because he has filed an affidavit in which he responds to the new arguments. Dkt. #52. (Defendants have moved to "strike" that affidavit because it is "untimely," but they are not on firm ground in doing so in light of their own untimely arguments in their reply brief.)

It may be that plaintiff could have filed the appeal without any other documents, but that is not necessarily the case. The regulations do not require prisoners to attach their initial grievance or any other documents to the appeal so long as they use the correct appeal form. Wis. Admin. Code § DOC 310.13(1). However, in his affidavit, plaintiff avers that he needed his legal papers because they identified the inmate complaint number assigned to his grievance. There is a space for that number on the appeal form underneath a bolded

5

heading that says "**PART I—MUST BE COMPLETED**." This at least raises a genuine dispute regarding whether plaintiff had an "available" remedy until his legal property was returned.

In any event, the corrections complaint examiner did not reject plaintiff's excuse on the ground that plaintiff could have filed an appeal without his legal papers. Cf. Riccardo v. Rausch, 375 F.3d 521, 524 (7th Cir. 2004) (prison administrators waive prisoner's failure to follow grievance rules when they address grievance on merits). Rather, the examiner faulted plaintiff for failing to "substantiate" his allegation that his legal property was not returned to him until February 5. In doing so, the examiner relied on information from "Sgt. Schiller" (the property officer) that plaintiff's "property" had been returned to him on January 26.

Defendants do not raise this argument in either of their briefs, and for good reason. The information the examiner relied on is inaccurate. With his opposition materials, plaintiff submitted a grievance (filed February 2) and response regarding the failure to return his legal documents. In her response to that grievance, the examiner wrote that Schiller "was looking" for plaintiff's legal papers and "will deliver them to the inmate when he is able to locate them." Dkt. #49-2.

Defendants' strongest argument is another one they raised for the first time in their reply brief, which is that plaintiff did not complete the grievance process until after he filed

6

this lawsuit. Under § 1997e(a), no action may be "brought" until the prisoner exhausts his administrative remedies. If a prisoner files his lawsuit before finishing the grievance process, the lawsuit must be dismissed, "even if the plaintiff exhausts his administrative remedies while the litigation is pending." Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004). Whether or not plaintiff jumped the gun under § 1997e(a) depends on the meaning of the word "brought."

The claims in this case originally were part of a complaint that is dated December 30, 2008 and received by the court on January 12, 2009. Muehl v. Thurmer, 09-cv-16-bbc (W.D. Wis.). In an order dated January 30, 2009, I concluded that the complaint violated Fed. R. Civ. P. 20 because it included unrelated claims against different defendants. Dkt. # 10. I directed plaintiff to identify which of six different lawsuits he wished to pursue. On February 11, plaintiff filed a response identifying three different lawsuits he wanted to prosecute, including this one. In two orders dated February 19 (but not docketed until February 20 and February 23), I severed case no. 09-cv-16-bbc into three separate lawsuits and screened them in accordance with 28 U.S.C. § 1915. Dkt. ##18 and 20.

Plaintiff completed the grievance process on February 19, 2009, when the office of the secretary affirmed the rejection of his appeal. Wis. Admin. Code §§ DOC 310.07(7); 310.14. Thus, plaintiff could avoid dismissal under the rule in Ford only if I concluded that case no. 09-cv-83-bbc was not "brought" until I screened his complaint. Unfortunately for

7

plaintiff, the court in Ford, 362 F.3d at 400, rejected this argument, concluding that "an action is 'brought' for purposes of § 1997e(a) when the complaint is tendered to the district clerk." This means that plaintiff's complaint was "brought" on January 12, more than a month before he completed the grievance process.

Plaintiff includes one additional argument in his affidavit: he filed this lawsuit "without first exhausting completely" because he "needed immediate help from the court." Dkt. #52, at 1. I have considered this argument before and found it to be unpersuasive. Knowlin v. Raemisch, 08-cv-640-bbc, 2008 WL 5001051 (W.D. Wis. Nov. 21, 2008); Shaw v. Breen, 08-cv-490-bbc, 2008 WL 4279650 (W.D. Wis. Sept. 16, 2008). Section 1997e(a) does not include an "emergency" or "imminent danger" exception. In fact, the need for a speedy resolution is generally an argument *in favor of* using the prison's internal procedures, which will be much faster than the relief that can be provided in the context of a federal lawsuit. Even when prisoners believe they face imminent harm,

> this does not mean, of course, that inmates are free to bypass adequate internal prison procedures and bring their health and safety concerns directly to court. . . . When a prison inmate seeks injunctive relief, a court need not ignore the inmate's failure to take advantage of adequate prison procedures, and an inmate who needlessly bypasses such procedures may properly be compelled to pursue them . . . . Even apart from the demands of equity, an inmate would be well advised to take advantage of internal prison procedures for resolving inmate grievances. When those procedures produce results, they will typically do so faster than judicial processes can. And even when they do not bring constitutionally required changes, the inmate's task in court will obviously be much easier.

8

Farmer v. Brennan, 511 U.S. 825, 847 (1994).  Even if I believed that § 1997e(a) permitted prisoners to circumvent the prison' grievance procedures in a true emergency, plaintiff has not shown this to be such a case.  In an order dated March 13, 2009, I denied plaintiff's motion for a preliminary injunction because he failed to adduced any evidence that he was suffering from serious health problems as a result of a lack of ADD medication.  Dkt. #36.

Accordingly, I must grant defendants' motion for summary judgment.  In accordance with Ford, 362 F.3d at 401, the dismissal will be without prejudice.

ORDER

IT IS ORDERED that

1.  The motion to "strike" filed by defendants Michael Thurmer, Gary Ankarlo and Todd Callister, dkt. #53, is DENIED.

2.  Defendants' motion for summary judgment, dkt.#41, is GRANTED.

3.  This case is DISMISSED without prejudice to plaintiff Michael Muehl's filing it at a later date.  The clerk of court is directed to enter judgment in favor of defendants and

9

close the case.

Entered this 9th day of June, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

,